UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| TARELL THOMAS, | ) |
| Petitioner, | ) No. 0:24-CV-47-REW-MAS |
| v. | ) ORDER |
| JAMES DAVID GREEN, *Warden*, | ) |
| Respondent. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Tarell Thomas filed a *pro se* petition under 28 U.S.C. § 2254 for a writ of habeas corpus. *See* DE 1 (Petition). In the petition, Thomas seeks to vacate his Kentucky state convictions for burglary, robbery, and assault. *See id.* at 2. Respondent James David Green, before answering, filed a motion to dismiss the petition as untimely. *See* DE 16. After the deadline for filing a response—extended once at Thomas's request—expired with no submission from Thomas, Magistrate Judge Matthew A. Stinnett, on referral, reviewed the record and concluded that Thomas's petition is untimely. *See* DE 19 (Order Granting Extension to Respond); DE 20 (Report and Recommendation). Accordingly, Judge Stinnett recommended that the Court dismiss Thomas's petition and deny a certificate of appealability. *See* DE 20 at 7–8. Judge Stinnett informed the parties of their right to object to the Recommendation under 28 U.S.C. § 636(b)(1) within fourteen days. *See id.* at 8. No party has objected, and the time to do so has passed, even after allowing Thomas more than an additional fourteen days to object, in light of his confinement.

In considering a magistrate judge's recommendation, the Court must review *de novo* any "portions of the report or specified proposed findings" to which any party objects. 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify, in whole or in part, the findings or

1

recommendations made by the magistrate judge." *Id.* But the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate judge's recommendation waives the right to appellate review). The Court treats the failure to object as forfeiting additional review. *See Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996)) (alterations adopted) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate judge's report and recommendation he has forfeited his right to raise this issue on appeal'"); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture). That concludes the matter and warrants dismissal.

Further, upon review of Judge Stinnett's Recommendation, the Court agrees with his analysis. Thomas's conviction became final on June 19, 2013, ninety days after the Kentucky Supreme Court rendered its direct appeal judgment on March 21, 2013, when Thomas's right to pursue a writ of certiorari from the Supreme Court of the United States lapsed. *See Thomas v. Com.*, No. 2011-SC-000557-MR, 2013 WL 1188030 (Ky. Mar. 21, 2013); *see also* Supreme Court Rule 13.1 ("[A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."); *Peyatt v. Gray*, No. 23-3159, 2023 WL 5446897, at *1 (6th Cir. June 21, 2023) (holding that § 2254 petitioner's convictions became final 90 days after judgment entry by state's highest court, when the time for seeking review by the United States Supreme Court expired) (citing *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012)). Therefore, AEDPA's one-year limitations period, *see* 28 U.S.C. § 2244(d)(1)(A), began to run on June 20,

2013. Thomas received the benefit of an interim stoppage for timely filing a motion to vacate his sentence pursuant to Ky. R. Crim. P. 11.42 on May 30, 2014. *See* DE 16-2; § 2244(d)(2). At that point, 344 of Thomas's 365 days had lapsed. The motion paused the clock until the Kentucky Court of Appeals affirmed the denial of Thomas's 11.42 motion on March 10, 2017. The judgment became final on April 9, 2017, resuming the clock, after Thomas's 30-days to seek discretionary review of the opinion from the Kentucky Supreme Court lapsed. *See Thomas v. Commonwealth*, No. 2015-CA-001378-MR, 2017 WL 945118 (Ky. Ct. App. Mar. 10, 2017); *Ross v. McKee*, 465 Fed. App'x 469, 472 (6th Cir. 2012) (recognizing that "petition for discretionary review in state courts" falls within ambit of § 2244(d)(2) tolling); Ky. R. Civ. P. 76.20(2) (prior rule, superseded in 2023 by Ky. R. App. P. 3(A)(1), which imposed 30-day deadline for discretionary review motion). That left Thomas 21 days, or until on or about May 1, 2017, to timely file his petition under AEDPA.

Thomas filed nothing timely. Indeed, he did not file the § 2254 petition until April 24, 2024, nearly seven years after the deadline. *See* DE 1.[1] Thomas provides no plausible justification for the delay, nor has he asserted that he is entitled to equitable tolling. He merely contended in the petition, without justification, that the filing is not time-barred because his "post-conviction became final on 1/12/2024." *See* DE 1 at 14. That erroneous understanding of the limitations period does not support equitable tolling. Judge Stinnett entertained equitable tolling as a possible remedy, properly noting that Thomas would have the burden and that he had not argued that equitable tolling should apply. *See* DE 20 at 6. The petition, simply stated, is untimely and must be dismissed. Thomas made no response to the well-supported motion, and he raised no objection to the resulting

---

[1] As Judge Stinnett noted in his recommendation, Thomas's September 2021 Rule 60.02 motion for relief, itself coming four years after the time bar applied, has no effect on the AEDPA analysis because the statute of limitations lapsed well before Thomas filed the motion. *See* DE 20 at 6.  The Court endorses the discussion.

3

decision by Judge Stinnett.  The Court rejects the tardy submission and considers the final matter long since closed.

For the reasons set forth in the Recommendation, *see* DE 20 at 7, the Court also sees no basis for the issuance of a certificate of appealability in light of the governing standard:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see also* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.").  This is a non-merits decision, and the procedural ruling, as to this clearly tardy filing, unspared by equity, is not one subject to fair debate.  It would not be proper to issue a COA where the movant filed a dramatically untimely petition and then ignored a motion and a legal ruling expressly decrying the untimeliness.

Accordingly, the Court **ADOPTS** DE 20, **GRANTS** DE 16, **DISMISSES** DE 1 **WITH PREJUDICE**, and **DENIES** a certificate of appealability.  A Judgment to this effect will follow.

This the 13th day of May, 2025.

Signed By:
*Robert E. Wier* REW
United States District Judge